**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| DAVINDER SINGH,<br><br>Petitioner,<br><br>v.<br><br>JASON JOHNSON, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:26-cv-03539-MBB |

**ORDER**

Petitioner Davinder Singh petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing. (**Doc. 1**, p. 11). He asks the Court to order the Government to provide such a hearing or immediately release him. (***Id.*** at p. 24). Because Petitioner's detention does not violate the Immigration and Nationality Act (the "INA"), his right to procedural due process, or the Fourth Amendment, the petition is DENIED.

**Background**

Petitioner, a citizen of India, entered the United States illegally in 2022. (**Doc. 1-1**, p. 3). DHS arrested him, initiated removal proceedings, and paroled him into the country. (***Id.*** at pp. 3-13); (**Doc. 1-1**, p. 3). Petitioner allegedly filed an application for asylum. (**Doc. 1**, p. 5). He allegedly obtained employment authorization and worked as a truck driver. (***Id.***). On February 22, 2024, he was allegedly cited for "furnishing alcohol to a minor." (***Id.*** at p. 6). On July 28, 2026, DHS allegedly re-arrested Petitioner and detained him without bond. (***Id.***). He remains detained under 8 U.S.C. § 1225(b)(2)(A) pending ongoing removal proceedings. (***Id.*** at p. 7); (**Doc. 6**, p. 1).

On August 31, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that his detention under Section 1225(b)(2)(A) violates the INA. (***Id.*** at pp. 19-21). He argues that DHS violated his Constitutional right to due process when it revoked his parole. (***Id.*** at pp. 14-19). And he argues that DHS violated the Fourth Amendment when it re-arrested him. (***Id.*** at pp. 21-23).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also* ***Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See* ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His mandatory detention pending removal proceedings does not violate the INA, his right to procedural due process, or the Fourth Amendment.

**I. Petitioner's detention does not violate the INA because he is properly detained under Section 1225(b)(2)(A).**

In his Traverse, Petitioner concedes that Section 1225(b)(2)(A) "presently supplies statutory authority for [his] detention." (**Doc. 7**, p. 3). But he presses the statutory argument in his petition. (**Doc. 1**, pp. 19-21). So the Court will address it.

Section 1225(b)(2)(A) says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and

beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." ***Avila v. Bondi***, 170 F.4th 1128, 1133 (8th Cir. 2026). "An alien who is paroled . . . shall not be considered to have been admitted." **8 U.S.C. § 1101(a)(13)(B)**. "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other." ***Sanchez v. Mayorkas***, 593 U.S. 409, 415 (2021). If an alien is an "applicant for admission," he is also "seeking admission." ***Avila***, 170 F.4th at 1134.

Petitioner, an Indian citizen, does not allege that he was admitted to the United States. His parole did not bestow admission. *See* **8 U.S.C. § 1101(a)(13)(B)**; ***Sanchez***, 593 U.S. at 415 (holding that an alien lawfully present in the United States had not been admitted). He acknowledges ongoing removal proceedings. He is present in the United States without having "made lawful entry into the country." *See* ***Avila***, 170 F.4th at 1133. He is an "applicant for admission," "seeking admission" under Section 1225(b)(2)(A). And he presents no evidence that he is "clearly and beyond a doubt entitled to be admitted." **8 U.S.C. § 1225(b)(2)(A)**. He is properly detained under Section 1225(b)(2)(A). That is true even if DHS initially processed him under a different authority. *See* ***Avila***, 170 F.4th at 1137 (holding that "the mere failure of [DHS]" to initially detain Petitioner under Section 1225(b)(2)(A) "is in no sense a binding administrative interpretation that the Government lacks the authority to act" (internal quotation marks omitted)).

**II. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.**

Petitioner argues that DHS was required to provide notice and a hearing before his re-detention. (**Doc. 1**, p. 19). But the Government may detain him pending deportation proceedings "simply by reference to the legislative scheme." *See* ***Baynee v. Garland***, 115 F.4th 928, 932 (8th Cir. 2024). *See also* ***Department of Homeland Sec. v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that aliens who have not been admitted "[have] no entitlement to procedural rights other than those afforded by statute"). The legislative scheme gives the Government broad discretion to revoke parole and detain and alien. *See* **8 U.S.C. § 1182(d)(5)(A)** (granting DHS broad discretion to rescind humanitarian parole). *See also* **8 U.S.C. § 1226(b)** (the Government may revoke conditional parole "at any time"). The Court may not disturb those discretionary decisions. *See* **8 U.S.C. § 1226(e)**. Section 1225(b)(2)(A) separately provides detention authority because Petitioner has not been admitted. *See* **8 U.S.C. § 1225(b)(2)(A)** (directing that a removable alien "shall be detained"); ***Avila***, 170 F.4th at 1133-34.

Petitioner cites cases discussing revocation of parole in the criminal context. *See, e.g.*, ***Morrissey v. Brewer***, 408 U.S. 471 (1972). But courts analyze immigration detention differently. *See* ***Demore v. Kim***, 538 U.S. 510, 522 (2003) ("Congress may make rules as to aliens that would be unacceptable if applied to citizens."); ***Thuraissigiam***, 591 U.S. at 138 (re-iterating that for aliens who have not "even been admitted into the country pursuant to law, the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law" (internal quotation marks omitted)). The Supreme Court held that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." ***Demore***, 538 U.S. at 523. The Eighth Circuit agreed, holding that detention pending removal proceedings is constitutionally valid when, as here, "deportation is still on the table." *See* ***Baynee***,

115 F.4th at 933. "These cases leave no room" for the balancing test described in *Mathews v. Eldridge*, 424 U.S. 319 (1976). ***Id.*** Petitioner's procedural due process claim fails because the legislative scheme authorized his re-detention.

**III. Petitioner's Detention does not violate the Fourth Amendment.**

Petitioner claims that DHS arrested him without: (1) probable cause, (2) an arrest warrant, and (3) "individualized facts establishing that he was likely to escape before an administrative arrest warrant could be obtained." (**Doc. 1**, pp. 21-23). He claims those deficits violate 8 U.S.C. § 1357(a)(2). Section 1357(a)(2) authorizes warrantless arrest if an agent "has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest." **8 U.S.C. § 1357(a)(2)**. A warrantless arrest comports with the Fourth Amendment if it comports with Section 1357(a)(2). *See* ***United States v. Sanchez-Velasco***, 956 F.3d 576, 581 (8th Cir. 2020).

First, Petitioner presents no evidence of the facts surrounding his re-detention. He offers no proof that DHS arrested him without probable cause. No proof that DHS arrested him without a warrant. And no proof that DHS did not have reason to believe that he would likely escape before a warrant could be obtained. That absence of evidence is fatal to his Fourth Amendment claim. *See* ***Mabry***, 602 F.2d at 171 (discussing the burden of proof in habeas proceedings). Second, Petitioner admits that Section 1225(b)(2)(A)'s mandatory detention scheme applies to him. (**Doc. 7**, p. 3). That is enough for probable cause under Section 1357(a)(2). *See* ***Sanchez-Velasco***, 956 F.3d at 581 (finding probable cause where an alien admitted to officers that he was "in the country illegally"); ***Contreras v. United States***, 672 F.2d 307 (2d Cir. 1982) (per curiam) ("[W]hen an alien's deportability is clear and undisputed, that circumstance alone may provide a

sufficient basis for an INS officer to believe that escape is likely before a warrant can be obtained.”). Petitioner’s Fourth Amendment claim fails.

## Conclusion

Neither Petitioner’s re-detention nor his continued detention without bond violate the INA or the Constitution. The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: October 2, 2026